**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re:   Auto Body Shop Antitrust Litigation                              MDL No. 2557

___

**AMENDED[1] SUGGESTION OF REMAND**

*Quality Auto Painting Center of Roselle, Inc. v. State Farm Indemnity Company, et al.*,
**Case No. 6:14-cv-6012-Orl-31EJK (M.D. Florida)**
**(Originally Case No. 2:14-cv-7002-SRC-CLW (District of New Jersey); transferred pursuant to JPML CTO-4)**

*Ultimate Collision Repair, Inc. v. State Farm Indemnity Company, et al.*,
**Case No. 6:14-cv-6013-Orl-31EJK (M.D. Florida)**
**(Originally Case No. 2:14-cv-7003-SRC-CLW (District of New Jersey); transferred pursuant to JPML CTO-4)**

*Campbell County Auto Body, Inc. v. State Farm Mutual Automobile Insurance Company, et al.*, **Case No. 6:14-cv-6018-Orl-31EJK (M.D. Florida)**
**(Originally Case No. 2:14-cv-189-DLB-CJS (E.D. Kentucky); transferred pursuant to JPML CTO-4)**

*Lee Pappas Body Shop, Inc., et al. v. State Farm Mutual Automobile Insurance Company, et al.*, **Case No. 6:14-cv-6019-Orl-31EJK (M.D. Florida)**
**(Originally Case No. 3:14-cv-764-HEH (E.D. Virginia); transferred pursuant to JPML CTO-4)**

*Concord Auto Body, Inc. v. State Farm Mutual Automobile Insurance Company, et al.*, **Case No. 6:15-cv-6022-Orl-31EJK (M.D. Florida)**
**(Originally Case No. 4:14-1857 (E.D. Missouri); transferred pursuant to JPML Transfer Order Doc. 51)**

___

Pursuant to 28 U.SC. § 1407 and Rule 10.1(b) of the rules governing the U.S. Judicial Panel on Multidistrict Litigation, the undersigned transferee judge recommends that these cases be remanded by the panel to the transferor courts for further proceedings.   In support of this suggestion, I offer the following rationale.

___

[1] The document is amended only to modify the third sentence of the last paragraph.

These five cases, among others, were transferred to me for consolidated pretrial proceedings. Ultimately, the Complaints were dismissed and Plaintiffs appealed to the Eleventh Circuit Court of Appeals. On March 4, 2019, the *en banc* court affirmed the dismissal of the federal antitrust claims and all the state law claims, except the tortious interference claims. *Quality Auto Painting Center v. State Farm*, 917 F.3d 1249 (11th Cir. 2019) (en banc). In its opinion, the circuit court noted that its reversal of the tortious interference claims related only to the district court's group pleading rationale, leaving open the question whether the Complaints were subject to a 12(b)(6) dismissal for failure to state a viable claim. The circuit court also noted that, because the federal antitrust claims have been eliminated, the district court may well decide to exercise its discretion to decline to exercise pendent jurisdiction over the tortious interference claims pursuant to 28 U.S.C. § 1367. *Id*. at 1276.

These cases are among 27 cases that have been actively litigated before me over the past six years. The cases are still at the pleading stage and now involve only state law tortious interference claims. No discovery has commenced and the parties are in the process of briefing the tortious interference claims. *See* Order, 6:14-md-2557-Orl-31EJK, Doc. 350. If left to my discretion, I would decline to exercise pendent jurisdiction over these claims. However, this is a decision best left to the respective transferor courts. Accordingly, I suggest that the panel remand these cases.

Respectfully submitted,

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

**(MDL TRANSFEREE COURT)**

**DATED**: August 17, 2020